Argued April 29, affirmed May 23, 1977

McCRAE, *Appellant,*
*v.*
WILSON et al, *Respondents.*
(No. 92816, No. 93777, CA 6627)
(Cases consolidated)
564 P2d 731

Raymond J. Conboy, Portland, argued the cause for appellant. With him on the briefs were R. Ladd Lonnquist and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent Keith Wilson, Chairman of the Workmen's Compensation Board, Ken Phillips and George Moore, members of the Workmen's Compensation Board. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Hershiser, Mitchell & Warren, Portland, attorney for respondent Commercial Union Assurance Company, a corporation, joined in the brief for respondent Workmen's Compensation Board.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

This is a consolidated mandamus and declaratory judgment proceeding. Plaintiff appeals contending that the trial court erred in holding that the Workmen's Compensation Board (WCB) properly construed former ORS 656.210(3) (*repealed* Oregon Laws 1975, ch 663, § 1) and in holding that statute to be constitutional.

Plaintiff was injured while employed as a farm laborer and was consequently entitled to receive temporary total disability benefits under the Workmen's Compensation Act. She was employed less than 176 days during the 12 months immediately preceding her injury.

Temporary total disability benefits are fixed at two-thirds of the employe's weekly wages, subject to a stated maximum and minimum amount. ORS 656.210(1). The weekly wage is ascertained by multiplying the worker's daily wage by the number of days regularly worked per week. ORS 656.210(2). At the time that plaintiff's right to receive benefits accrued, this formula was subject to an additional limitation when applied to the disability claims of farmworkers which was not applicable to the claims of workers in all other industries. Former ORS 656.210(3) provided:

> "For purposes of this section the weekly wages of a workman on a farm may not exceed one fifty-second of the actual wages received by such workman in the 12-month period preceding the injury. If the workman was employed for less than 176 days of the preceding 12 months, the board shall set a reasonable weekly wage to be used as actual wages under this section."

Acting upon the authority delegated by this subsection, the WCB published "Bulletin No. 80," which, in pertinent part, provided:

> "The following formula will be used to obtain the reasonable weekly wage for injured seasonal workmen

[ 519 ]

on a farm who were employed less than 176 days in the 12 months preceding the injury:

"Multiply the workman's daily wage by 176 days and divide the product by 52 weeks to obtain the reasonable weekly farm wage.

"This wage will then be used to determine the weekly compensation benefits payable to the claimant."

The effect of this formula was to make the $\frac{\text{annual wages}}{52}$ limitation which the first sentence of former ORS 656.310(3) placed upon the benefits of farmworkers who are employed more than half a year equally applicable to the benefits of farmworkers who worked less than half of the preceding year. Application of that limitation reduced plaintiff's weekly benefits to approximately $20 less than they would have otherwise been.

Plaintiff first contends that Bulletin No. 80 is predicated upon a misconstruction of ORS 656.310(3). She argues that the legislature did not intend that the limitation contained in the first sentence of that subsection should also control the reasonable weekly wage fixed by the WCB pursuant to the second sentence. Rather, she regards the second sentence as an exception to the rule stated in the first sentence. She therefore seeks to have this court so construe subsection (3) and remand this case with instructions that the WCB set plaintiff's reasonable weekly wage in a manner consistent with that construction, free from the $\frac{\text{annual wages}}{52}$ limitation.

We decline to do so. The authority to set the reasonable weekly wage of persons in plaintiff's situation was expressly delegated to the WCB, not to the courts. It is appropriate that the WCB did so by adopting a formula of general application rather than by case-by-case calculations. As long as the formula was properly adopted and is not inconsistent with any

other provision of law, this court may not invalidate it. ORS 183.400(3).

■■ We tend to defer to the interpretation of statute made by the agency which has responsibility for its application unless we perceive evidence of legislative intent to the contrary. *Fairview Hospital v. Moore,* 28 Or App 637, 640-641, 560 P2d 671 (1977). Here, the words of the statute do not evidence legislative intent either to require or to bar use of the limitation as an element of the formula applied to farm workers who work less than half a year. Rather, the intent is clearly to delegate that decision to the WCB. Hence, the formula adopted by the WCB was within the bounds of the statutory delegation and we do not disturb it.

■ Plaintiff also argues that former ORS 656.310(3) violated the equal protection clauses of both the United States and Oregon constitutions. She contends that there was no rational basis for treating the temporary permanent disability claims of farm workers differently and less favorably than the claims of similarly employed nonagricultural workers. The limitation on farm workers' claims which was imposed by subsection (3) has been held to be a constitutionally permissible response to the seasonal character of agricultural employment. *Rios v. Oregon Automobile Insurance Company,* 477 F2d 288 (9th Cir 1973). Although it is true that many jobs in other industries are also seasonal and that some agricultural employment is not seasonal, the legislature was entitled to make rough accommodations. The classification, although imperfect and somewhat inequitable, nevertheless had a rational basis and therefore was constitutionally valid. *See Dandridge v. Williams,* 397 US 471, 90 S Ct 1153, 25 L Ed 2d 491 (1970).

Defendant also assigns as error the refusal of the trial court to admit as evidence of unconstitutionality the legislative testimony of a former WCB member that the statute caused different results for farm workers than for other industrial workers. It is un-

necessary to address the competence of such evidence because our conclusion, like that of the trial court, recognizes the existence of the discriminatory effect which the proffered exhibit was intended to prove, but holds that the admitted discrimination was rational and therefore constitutionally sound.

Affirmed.